UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-11124-AH-MARx | Date | October 5, 2026 |
| Title | *William Cortes v. Raypak, Inc. et al.* | | |

Present: The Honorable Anne Hwang, United States District Judge

| | |
|---|---|
| Yolanda Skipper | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION**

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006). Additionally, federal courts have an obligation to examine jurisdiction sua sponte before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." U.S.C. § 1332(d)(2); *see Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 680 (9th Cir. 2006). However, the Class Action Fairness Act requires that federal courts remand removed class actions to the originating state court when the following three conditions are met:

> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
> (II) at least 1 defendant is a defendant—(aa) from whom significant relief is sought by members of the plaintiff class; (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and (cc) who is a citizen of the State in which the action was originally filed; and
> (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed.

28 U.S.C. § 1332(d)(4)(A)(i); *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1116 (9th Cir. 2015).

The Court has reviewed the Complaint and is presently unable to conclude it has subject matter jurisdiction under 28 U.S.C. § 1332(d). The Notice of Removal argues that the aggregate claims of the putative class members exceed $5 million, exclusive of interest and costs, and at least one of the members of the proposed classes is a citizen of a different state than one Defendant. Dkt. No. 1 ¶¶ 15-22.

However, it appears that federal jurisdiction is barred by 28 U.S.C. § 1332(d)(4)(A)(i). The complaint alleges that Plaintiff and the members of the putative classes were "all California citizens." Dkt. No. 1-1 ¶ 20. The complaint further alleges that Raypak Inc. is a citizen of California, whose alleged conduct forms a significant basis for Plaintiff's claims, and from whom significant relief is sought. *Id.* ¶¶ 8, 22-133. The injuries alleged in the Complaint were also incurred in California. *Id.* ¶ 21. The Notice of Removal does not sufficiently establish that jurisdiction is not barred by 28 U.S.C. § 1332(d)(4)(A)(i).

Defendant is ORDERED TO SHOW CAUSE, in writing, within fourteen (14) days from the date of this Order, why this action should not be remanded for lack of subject matter jurisdiction. Any response shall be limited to ten (10) pages in length. As Defendant is the party asserting federal jurisdiction, Defendant's failure to respond timely and adequately to this Order shall result in remand to state court without further notice.

**IT IS SO ORDERED.**